IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LBS INNOVATIONS, LLC, <br>     Plaintiff, <br><br> v. <br><br> NOKIA USA INC., NOKIA CAPITAL, INC., <br> HERE HOLDING CORPORATION, HERE <br> NORTH AMERICA LLC, NOKIA APPS <br> LLC, AND YAHOO! INC., <br>     Defendants. | § <br> § <br> § <br> §    No. 2:15-cv-1972-JRG <br> § <br> § <br> § <br> § <br> § <br> § <br> § |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants Nokia Corporation's and Defendant Nokia USA Inc.'s (the "Nokia Defendants") (Dkt. No. 48). For the reasons stated below the Motion is **GRANTED IN PART**. The claims against the Nokia Defendants are **DISMISSED WITHOUT PREJUDICE**.

**I.    BACKGROUND**

The following facts come from the Second Amended Complaint (the "Complaint") (Dkt. No. 91), which on a motion to dismiss are assumed to be true. *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010).[1]

Plaintiff LBS Innovations, LLC ("LBSI") is a Texas limited liability company with its principal place of business in Austin, Texas. (Complaint at ¶ 1.) Plaintiff is the owner by assignment of United States Patent No. 6,091,956 ("the '956 Patent") entitled "Situation Information System." (*Id.* at ¶¶ 19, 20.)

---

[1] On May 10, 2016, Plaintiff filed the Second Amended Complaint. Pursuant to stipulation, the parties agree that the briefing on the Motion applies fully to Plaintiff's Second Amended Complaint. (Dkt. No. 90 at 2.)

Defendant Nokia Corporation is a Finnish corporation with its principal place of business in Espoo, Finland. (*Id.* at ¶ 2.) Defendant Nokia USA Inc. ("Nokia USA") is a Delaware Corporation with its principal place of business located in Sunnyvale, California. (*Id.* at ¶ 3.) Nokia USA is a wholly owned subsidiary of Nokia Corporation. (Id.)

Defendants HERE North America LLC, HERE Apps LLC, and HERE Holding Corporation, are Delaware entities with principal places of business in Chicago, Illinois (collectively, the "Here Defendants"). (*Id.* at ¶¶ 4–6.) HERE Apps LLC and HERE Holding Corporation LLC are wholly owned subsidiaries of HERE Holding Corporation. (Id.) HERE Holding Corporation is a wholly owned subsidiary of Microsoft Mobile Inc., which up until April 25, 2014, was a wholly owned subsidiary of Nokia Corporation under its previous name, Nokia Inc. (Id.)

Plaintiff alleges that the Nokia Defendants have infringed Claim 11 of the `956 Patent by making, using, selling, or offering for sale various systems and devices that employed mapping and location based services. According to Plaintiff, the Nokia Defendants infringe Claim 11 as part of a joint enterprise it calls "the Nokia Group," which it defines as "Nokia Corporation, Nokia USA, Nokia, Inc., HERE Holding, HERE North America and HERE Apps." (*Id.* at ¶¶ 11, 21, 22.) According to the Complaint, since at least 2010, the Nokia Group operated as a joint enterprise in connection with the activities alleged to constitute infringement of Claim 11 of the `956 Patent. (*Id.* at ¶ 11.) Claim 11 is a method claim.

In 2006, Nokia Corporation acquired a German company engaged in the mapping and location information business called "gate5." (*Id.* at ¶ 9.) Between 2007 and 2008, Nokia Corporation acquired a company called NAVTEQ Corporation ("NAVTEQ"), a company also engaged in the mapping and location information business. (*Id.*)

From 2010 to 2015, Nokia Corporation implemented a business strategy involving the use of its mapping and location services which was implemented by the Nokia Group. In 2010, using the assets and operations of NAVTEQ and Nokia gate5, as well as other entities owned and controlled by it, Nokia Corporation, through a subsidiary Nokia, Inc., began to offer mapping and location services under the name "Ovi Maps." (*Id.* at ¶ 9.) In 2011, Nokia Corporation changed the name of this business segment to "Nokia Maps." (*Id.*) In 2012, Nokia Corporation renamed NAVTEQ to HERE Holding Corporation and changed the name of its mapping and location services business segment to "HERE." (*Id.*)

Throughout this period, the Nokia Group controlled these mapping and location services through a group of senior executives called the "Nokia Group Leadership Team" (formerly the "Nokia Leadership Team" and the "Group Executive Board"). (*Id.* at ¶ 12.) During the allegedly infringing period, the Nokia Group Leadership Team conducted the overall business operations of Nokia Corporation and its subsidiaries under the name "Nokia." (*Id.*)

On March 18, 2016, the Nokia defendants filed a motion to dismiss under Rule 12(b)(6).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint if the complaint "fail[s] to state a claim upon which relief can be granted." The court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). While the court must accept all well-pleaded facts as true, and view those facts in the light most favorable to the plaintiff, *Bustos*, 599 F.3d at 461, the Court need not accept as true conclusory allegations and allegations

3

contradicted by other allegations within Plaintiff's own complaint, *Rosas v. Bexar Cty.*, No. 5:14-CV-1082-DAE, 2015 WL 1955406, at *5 (W.D. Tex. Apr. 29, 2015).

The Court must then consider whether those alleged facts state a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the facts pleaded, accepted as true, allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"Direct infringement under § 271(a) occurs where all steps of a claimed method are performed by or attributable to a single entity." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015). Typically, to adequately state a claim for direct infringement of a method claim, the complaint must allege that the accused infringer performed each step of the claimed method. Where the actions of multiple entities combine to perform every step of a claimed method, the claim is directly infringed by an entity only if (1) that entity "directs or controls" the performance of others or (2) the entities comprise a "joint enterprise" such that they act as if they were a single entity with respect to the allegedly infringing activity. *Id.* at 1013. To prove the existence of a joint enterprise, Plaintiff must show: (1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose among the members and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control. *Id.*

4

## III. ANALYSIS

Plaintiff does not argue that it has alleged either (1) that Nokia Corporation or Nokia USA performs each step of Claim 11 or (2) that the performance of each step of the claim of Claim 11 can be attributed to either entity individually. Instead it asserts that it has adequately pled that the Nokia Defendants, as part of the Nokia Group, jointly infringe the '956 Patent pursuant to the joint enterprise doctrine, and that pursuant to the joint enterprise doctrine, it need not plead facts identifying which particular defendants were responsible for which acts of infringement. (Dkt. No. 84 at 20.) According to Plaintiff, it is sufficient at this stage to allege facts showing that the Nokia Group as a joint enterprise engaged in acts of direct and indirect infringement. (*Id.*)

The Nokia Defendants argue that Plaintiff has not pled any facts that would plausibly lead to the conclusion that the Nokia Defendants, Nokia Inc., and the HERE Defendants formed a joint enterprise. The Court agrees. In particular, Plaintiff has failed to plausibly set forth a joint enterprise theory of divided infringement because (1) the Complaint does not establish the plausibility of an enterprise in which the members share an equal right of control and (2) the Complaint fails to include any facts in its pleading suggesting a community of pecuniary interest.[2]

First, Plaintiff argues that its allegation that the "Nokia Group Leadership Team" comprises senior executives from the various business segments establishes the plausibility of, among other things, an equal right of control among the members of the enterprise. Plaintiff is mistaken. At most, Plaintiff's allegation establishes that the Nokia Group Leadership Team represented the interests of different business segments within the Nokia corporate structure. However, Plaintiff does not allege that this leadership team comprises persons representing the interests of each defendant. Thus, what is missing is any allegation that these business segments align with the

---

[2] In light of the deficiencies identified in this Opinion and Order, the Court does not address the Nokia Defendants' other arguments for dismissal at this time.

different corporate entities that comprise the alleged joint enterprise. Absent such an allegation, the Court cannot draw the reasonable inference that each member of the alleged joint enterprise had an equal voice, let alone any voice, in directing the conduct of the Nokia Group.

In fact, the notion that a parent corporation and its subsidiaries would share an equal right of control of an executive board responsible for conducting the overall business operations is questionable on its face. Here, that questionable notion is further undercut by Plaintiff's own allegations. For example, Plaintiff alleges that Nokia Corporation "as well as other entities *owned and controlled by Nokia Corporation* began to offer mapping and location services under the name 'Ovi Maps'." (Complaint ¶ 9) (emphasis added). Nokia Corporation "controlled the operations" of Ovi Maps, later renamed "Nokia Maps" in 2011 and "HERE" in 2012. (*Id.*) These allegations are certainly consistent with a "direct and controls" theory of divided, direct infringement; they are not, however, consistent with the joint enterprise theory Plaintiff now espouses.

Second, the Complaint fails to sufficiently allege a community of pecuniary interest. To establish this element, Plaintiff relies exclusively on the truth of statements in material extrinsic to the Complaint, namely, SEC filings attached to its opposition. The Court declines to do the same. *See Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996). While the Court could judicially notice the fact that Nokia's consolidated financial statements contain both the accounts of Nokia's parent and its subsidiary companies, *see id.*, that fact alone would still fall well short of plausibly establishing a community of pecuniary interest among the members of the Nokia Group.[3] Plaintiff does not identify any other allegations in its Complaint to support a community of pecuniary interest among the Nokia Group. Indeed, there are none.

---

[3] Were the Court consider the statements in the SEC Filings, the Court notes that they do not appear to support

Finally, the Court notes that if the allegations in this Complaint were sufficient to state a plausible claim of divided infringement under the joint enterprise doctrine, nearly every corporate family having an executive board controlling the overall business operations of its subsidiaries could, at the pleading stage, plausibly be characterized a joint enterprise under 35 U.S.C. § 271(a). That is plainly not the thrust of *Akamai*. There may be circumstances in which a parent corporation and one or more of its subsidiary corporations might join together to form a joint enterprise, and then subsequently jointly infringe a patent during the operation of the joint enterprise. Assuming such a case, Plaintiff must come forward and plead facts concerning the alleged joint enterprise beyond that which could be said for innumerable conglomerate or large multinational corporations. However, merely identifying a parent corporation, subsidiary corporations, and the existence of an executive board responsible for conducting the overall business of the corporate group, as Plaintiff does here, will not suffice. *See, e.g.*, *Pureworks, Inc. v. Brady Corp.*, No. 3:09-CV-983, 2010 WL 3724229, at *10 (M.D. Tenn. Sept. 15, 2010).

Plaintiff's direct and indirect infringement claims against the Nokia Defendants rely on the plausibility of a joint enterprise. Since the Court finds that Plaintiff's joint enterprise theory fails, so must the Complaint.

## IV. CONCLUSION

For the reasons set forth herein, the Motion is **GRANTED IN PART** and the claims against the Nokia Defendants are **DISMISSED WITHOUT PREJUDICE**. Because the Court has dismissed all claims against the Nokia Defendants, the Court does not consider the other issues raised in the Motion.

---

Plaintiff's joint enterprise theory. "The Group" referenced by the SEC filings does not appear to be co-extensive with the Nokia Group as alleged in the Complaint. Rather, as the Nokia Defendants point out, the Group refers to the overall Nokia corporate group, which includes all of its businesses, and not merely the members of the Nokia Group.

**So ORDERED and SIGNED this 21st day of June, 2016.**

                                                                                       RODNEY GILSTRAP
                                                                                       UNITED STATES DISTRICT JUDGE