**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LBS INNOVATIONS, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 2:15-cv-01972-JRG |
| | § | |
| NOKIA USA INC., *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

---

**PLAINTIFF LBS INNOVATIONS, LLC'S RESPONSE TO DEFENDANT
MICROSOFT MOBILE, INC.'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

---

**BUETHER JOE & CARPENTER, LLC**

Eric W. Buether
Christopher M. Joe
Niky Bukovcan
Kenneth P. Kula

1700 Pacific Avenue
Suite 4750
Dallas, Texas 75201
Telephone:     (214) 466-1271
Facsimile:     (214) 635-1827

**ATTORNEYS FOR PLAINTIFF
LBS INNOVATIONS, LLC**

**TABLE OF CONTENTS**

I.  INTRODUCTION ........................................................................................................... 1

II.  PROCEDURAL BACKGROUND.................................................................................... 1

III.  LBSI'S ALLEGATIONS REGARDING NOKIA, INC./MICROSOFT MOBILE'S INFRINGEMENT OF THE `956 PATENT .................................................... 2

IV.  ARGUMENT ..................................................................................................................... 4

  A.  The Applicable Legal Standard for a Motion to Dismiss Under Rule 12(b)(6) ..................................................................................................................... 4

  B.  LBSI has Plead Facts Sufficient to Establish Microsoft Mobile's Liability for Patent Infringement Based on the Infringing Conduct of Nokia, Inc. .............. 6

  C.  LBSI Should be Granted Leave to Amend Its Pleadings to Allege Nokia, Inc.'s Separate Infringing Conduct in the Event the Court Concludes More Specific Allegations Naming Nokia, Inc., Individually, is Necessary................... 9

V.  CONCLUSION................................................................................................................. 10

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).........................................................................................................4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).........................................................................................................4

*Bowlby v. City of Aberdeen*,
   681 F.3d 215 (5th Cir.2012) ...........................................................................................4

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*,
   313 F.3d 305 (5th Cir.2002) .........................................................................................10

*Harold H. Huggins Realty, Inc. v. FNC, Inc.*,
   634 F.3d 787 (5th Cir. 2011) ..........................................................................................5

*Johnson v. City of Shelby, Miss.*,
   135 S. Ct. 346 (2014).......................................................................................................5

*Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*,
   594 F.3d 383 (5th Cir.2010) ...........................................................................................4

*Lovelace v. Software Spectrum, Inc.*,
   78 F.3d 1015 (5th Cir.1996) ...........................................................................................5

*Norris v. Hearst Trust*,
   500 F.3d 454 (5th Cir.2007) ...........................................................................................6

*Phoenix Licensing, L.L.C. v. CenturyLink, Inc.*,
   2015 WL 5786582 (E.D. Tex. Sept. 30, 2015).................................................................4

*Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*,
    No. 2:15-CV-1030-WCB, 2016 WL 1055827 (E.D. Tex. Mar. 17, 2016)........................5

*Skinner v. Switzer*,
   562 U.S. 521 (2011).........................................................................................................5

*Taylor v. Charter Med. Corp.*,
   162 F.3d 827 (5th Cir.1998) ...........................................................................................5

*United States v. Bollinger Shipyards, Inc.*,
   775 F.3d 255 (5th Cir. 2014) ..........................................................................................4

*Wooten v. McDonald Transit Associates, Inc.*,
   788 F.3d 490 (5th Cir. 2015) ...........................................................................................4

**Statutes**

Fed. R. Civ. P. 8.........................................................................................................................5

Fed. R. Civ. P. 12(6) ........................................................................................ *passim*

Fed. R. Evid. 201 .....................................................................................................................5

**Other Authorities**

5 C. Wright & A. Miller, § 1215 (3d ed. 2002) ............................................................................5

Plaintiff LBS Innovations, LLC ("LBSI" or "Plaintiff") hereby responds to the Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6) (Dkt. 100) filed by Defendant Microsoft Mobile, Inc. ("Microsoft Mobile/Nokia Inc.").

## I.      INTRODUCTION

The Motion to Dismiss filed by Microsoft Mobile/Nokia Inc. should be denied because LBSI has adequately plead facts establishing that its predecessor entity Nokia, Inc. has infringed the `956 Patent.  LBSI's Second Amended Complaint expressly alleges that, since at least 2010, Nokia Inc. infringed the `956 Patent by using mapping and location services offered under the Ovi Maps and Nokia Maps brand names in various smartphones and feature phones it sold throughout the world, including the United States.  Although the Second Amended Complaint further alleges that Nokia Inc. implemented this infringing business strategy as part of a joint enterprise called the "Nokia Group" rendering other Nokia entities liable for this infringing activity by Nokia, Inc., the Second Amended Complaint clearly states Nokia, Inc. was the legal entity directly legally responsible for the infringing conduct.  Thus, apart from any joint and several liability of other Nokia entities for participating in a joint enterprise involving Nokia Inc.'s infringement relating to the smartphones and feature phones it sold, Plaintiff has adequately plead facts showing that Nokia, Inc. engaged in such infringement.  Thus, LBSI has properly alleged that Microsoft Mobile, as the successor to Nokia, Inc., is liable for Nokia, Inc.'s direct infringement.

## II.      PROCEDURAL BACKGROUND

LBSI filed this action on November 30, 2015, against Defendants HERE Holding Corporation, HERE North America LLC, Nokia Apps LLC, Nokia Capital, Inc., Nokia USA Inc., and Yahoo! Inc., alleging that the Defendants infringed United States Patent No. 6,091,956 (the "`956 Patent") entitled "Situation Information System."  On February 24, 2016, LBSI served

its Infringement Contentions.  On February 29, 2016, LBSI filed its First Amended Complaint

(Dkt. 54) (the "FAC").  The FAC added two defendants – Nokia Corporation and Nokia, Inc. –

and dismissed Nokia Capital, Inc.  The FAC also renamed Defendant Nokia Apps LLC to HERE

Apps LLC in recognition of the change of the name of that entity.  On May 10, 2016, LBSI filed

its Second Amended Complaint ("SAC") reflecting that Microsoft changed the name of Nokia,

Inc. to Microsoft Mobile.  Dkt. 91.  On June 14, 2016, Microsoft Mobile filed its motion to

dismiss.

### III. LBSI'S ALLEGATIONS REGARDING NOKIA, INC./MICROSOFT MOBILE'S INFRINGEMENT OF THE `956 PATENT

LBSI's SAC alleges that:

> In 2010, Nokia Corporation implemented a business strategy involving the use of
> its mapping and location services offered under the Ovi Maps and Nokia Maps
> brand names in various smartphones and feature phones it sold throughout the
> world, including the United States.  **This strategy was implemented through a
> business segment called "Devices and Services."  Nokia Corporation used the
> Nokia, Inc. legal entity as the entity legally responsible for this business**.
> Since April 25, 2014, Nokia Inc. has been a wholly-owned subsidiary of
> Microsoft Corporation.  Microsoft Mobile is liable for the liabilities of Nokia,
> Inc., arising prior to its acquisition by Microsoft.

SAC ¶ 10 (emphasis added).

In the SAC, LBSI further alleges that, since 2010, the Nokia Group, through Nokia, Inc.,

"has made available to the public in the United States a mapping and location-based services

application for use on Nokia smartphones, feature phones and tablets ('Nokia Mobile Devices')

that practices the invention claimed in Claim 11 of the `956 Patent."  SAC ¶ 26.  The SAC also

alleges that "[i]n 2010, the Nokia Group [through Nokia, Inc.] introduced certain Nokia Mobile

Devices with a mobile version of the Ovi Maps mapping and location-based services software."

*Id*.  In addition, the SAC alleges that "[l]ater in 2010, the Nokia Group [through Nokia, Inc.]

installed Ovi Maps in all of its GPS-enabled smartphones."  *Id*.  The SAC alleges that "[i]n 2011,

the Nokia Group [through Nokia, Inc.] discontinued the use of the 'Ovi' brand name and rebranded the mobile mapping applications used in Nokia Mobile Devices as 'Nokia Maps,'" and "[a]t the end of 2012, the Nokia Group [through Nokia, Inc.] again changed the brand name for the mobile mapping and location-based applications to 'HERE Maps.'" *Id.*

The SAC also alleges that "[i]n 2011, the Nokia Group adopted the Windows Phone operating system (including Windows Phone 7 and 8) for its smartphone devices (the 'Nokia Windows Phone Devices'). The Nokia Group introduced a mapping and location-based services application for use on the Nokia Windows Phone Devices (the 'Nokia Maps Windows Phone Application')." SAC ¶ 27. The SAC alleges that Nokia, Inc., continued using the mapping and location-based services application for use on the Nokia Windows Phone Devices under the name "HERE Maps" after 2012. SAC ¶ 27.

The SAC further alleges that "[s]ince 2010 through April 25, 2014 [when Microsoft acquired Nokia, Inc.], the Nokia Group [through Nokia, Inc.] made, used, offered for sale, and/or sold in the United States, and/or imported into the United States Nokia Mobile Devices with the HERE/Nokia/Ovi Mobile Mapping Applications for Nokia Devices installed in those devices." SAC ¶ 30. The SAC also alleges that "[t]he Nokia Group [through Nokia, Inc.] also made available to users of the Nokia Mobile Devices in the United States the HERE/Nokia/Ovi Mobile Mapping Applications for Nokia Devices to be downloaded onto Nokia Mobile Devices." *Id.*

The SAC asserts that "[t]he Nokia Group [through Nokia, Inc.] directly infringed Claim 11 of the `956 Patent by using the HERE/Nokia/Ovi Mobile Mapping Applications for Nokia Mobile Devices in the United States during testing and/or demonstration of the Nokia Mobile Devices and/or any other use of those applications" and that "[t]he Nokia Group through Nokia, Inc.] indirectly infringed Claim 11 of the `956 Patent by inducing users in the United

States of the HERE/Nokia/Ovi Mobile Mapping Applications for Nokia Mobile Devices to use those applications in the Nokia Mobile Devices."  SAC ¶¶ 31-32.

## IV.     ARGUMENT

### A.     The Applicable Legal Standard for a Motion to Dismiss Under Rule 12(b)(6)

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must assume that all well-pleaded facts are true, and view those facts in the light most favorable to the plaintiff.  *Bowlby v. City of Aberdeen,* 681 F.3d 215, 218 (5th Cir. 2012).  The court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010).  The court must then decide whether those facts state a claim for relief that is plausible on its face. *Bowlby,* 681 F.3d at 217.  *See also Phoenix Licensing, L.L.C. v. CenturyLink, Inc.,* 2015 WL 5786582, at *1 (E.D. Tex. Sept. 30, 2015).

"A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *United States v. Bollinger Shipyards, Inc.*, 775 F.3d 255, 260 (5th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Instead, the standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  "The factual allegations in the complaint need only 'be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555).

*See also Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, No. 2:15-CV-1030-WCB, 2016 WL 1055827, at *5 (E.D. Tex. Mar. 17, 2016) (Bryson, J.).

The plausibility standard "does not give district courts license to look behind [a complaint's] allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n.44 (5th Cir. 2011). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a plaintiff is generally required to provide "only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of [the plaintiff's] legal argument." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). The "short and plain" statement does "not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 346 (2014) (citing 5 C. Wright & A. Miller, § 1215, p. 172 (3d ed. 2002) (Rule 8(a)(2) "indicates that a basic objective of the rules is to avoid civil cases turning on technicalities")). *See also Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, *supra*, No. 2016 WL 1055827, at *6.

In deciding a Rule 12(b)(6) motion to dismiss, the Court may consider matters of which it may take judicial notice. *Lovelace v. Software Spectrum, Inc.,* 78 F.3d 1015, 1017-18 (5th Cir. 1996); *see* Fed. R. Evid. 201(f) ("Judicial notice may be taken at any stage of the proceeding."). Federal Rule of Evidence 201 permits courts to take judicial notice of an "adjudicative fact" if the fact "is not subject to reasonable dispute in that it is (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned." *Taylor v. Charter Med. Corp.,* 162 F.3d 827, 829 (5th Cir. 1998). Accordingly, "it is clearly proper in deciding a 12(b)(6) motion to take

judicial notice of matters of public record." *Norris v. Hearst Trust,* 500 F.3d 454, 461 n. 9 (5th Cir. 2007).[1]

**B.    LBSI has Plead Facts Sufficient to Establish Microsoft Mobile's Liability for Patent Infringement Based on the Infringing Conduct of Nokia, Inc.**

Microsoft Mobile begins its argument in support of its motion to dismiss by asserting that it "has no affiliation" with the other Defendants in this case. Dkt. 100 at 1-2. This assertion is disingenuous to say the least. Microsoft Mobile is the successor to Nokia, Inc. – a subsidiary of Nokia Corporation until April 25, 2014 – an entity LBSI expressly accuses of infringing the `956 Patent by incorporating the accused mapping services in the mobile phones it sold in the United States for over four years. Microsoft Corporation acquired Nokia Inc. in April 2014 as a subsidiary and assumed all of the liabilities for Nokia Inc.'s infringement of the `956 Patent preceding that date. SAC ¶¶ 4, 10.[2]

Microsoft Mobile also erroneously asserts that "the focus of LBS's case centers entirely on the HERE Defendants' mapping business and not on any former or current mobile devices business of Microsoft Mobile." Dkt. 100 at 2. This is refuted by the numerous allegations in the SAC reciting that Nokia, Inc. infringed the `956 Patent by using the mapping and location services offered under the Ovi Maps, Nokia Maps, and HERE Maps brand names installed in various smartphones and feature phones it sold. LBSI's allegations directed at Nokia Inc. involve Nokia Inc.'s own use of infringing mapping services in connection with its incorporation

---

[1]  Pursuant to Federal Rule of Evidence 201, this Court can and should take judicial notice of the facts set forth in Nokia Corporation's SEC filings, which are matters of public record and are highly relevant to the conduct of Nokia, Inc., constituting infringement of the `956 Patent.

[2]   As explained in more detail in LBSI's response to Microsoft Mobile's Motion for Stay, pursuant to a settlement agreement between LBSI and Microsoft Corporation (the "Microsoft Corporation/LBSI Settlement Agreement," Nokia, Inc. received the benefit of that settlement agreement for any conduct occurring once it became an affiliate of Microsoft Corporation. That settlement agreement, however, did not absolve Nokia, Inc., of its infringing conduct before it became an affiliate of Microsoft Corporation.

of such infringing services in its mobile devices or making those infringing services available for download for use by users of such devices.  LBSI's allegations specifically target Nokia Inc.'s mobile devices.  LBSI specifically alleges that Nokia Inc. infringed the `956 Patent by using the accused mapping services in connection with its marketing of its mobile devices.  These allegations must be taken as true in the context of a 12(b)(6) motion to dismiss.  Nokia Inc.'s use of those infringing mapping services establish its separate and distinct liability for infringement of the `956 Patent.  The fact that Nokia Inc. sourced the infringing mapping services from the HERE Defendants is irrelevant to its separate liability for infringement.  Thus, although the HERE Defendants may be separately liable for using those infringing mapping and location services in connection with the operation of their software services business, this does not absolve Nokia, Inc., of its own liability for using the infringing mapping and location services in connection with its business of selling smartphones and feature phones.

For this reason, there is no merit to Microsoft Mobile's argument that "LBS cannot state a claim for relief against Microsoft Mobile based solely on the allegedly infringing activities of the HERE Defendants."  Dkt. 100 at 2; *see also id*. at 8.  As explained above, LBSI's claim for patent infringement is based upon Nokia, Inc.'s own conduct of using the infringing mapping and location services in connection with its business of selling smartphones and feature phones separate and apart from HERE's infringing conduct of using the mapping and location services in connection with its software services business.

Thus, LBSI's claim for patent infringement against Microsoft Mobile is based upon Nokia Inc.'s separate and distinct infringing activities and not the separate infringing conduct of the HERE Defendants.  LBSI alleges that the HERE Defendants and Nokia, Inc. engaged in separate acts of infringement.  The HERE Defendants infringed the `956 Patent by using the

infringing mapping services in connection with its marketing of those mapping services to the public.  Nokia Inc. infringed the `956 Patent separately by using the infringing mapping services in connection with its marketing of its mobile devices.[3]

Microsoft Mobile's argument that "the focus of LBS's case centers entirely on the HERE Defendants' mapping business and not on any former or current mobile devices business of Microsoft Mobile . . . . is clear from LBS's allegation that Microsoft Mobile's infringing activities ended when it ceased to be a part of the Nokia Group in April 2014, notwithstanding that Microsoft Mobile continued to operate the mobile phone business it had purchased from Nokia" completely ignores the provision in the Microsoft Corporation/LBSI Settlement Agreement granting Nokia, Inc. the benefit of that settlement agreement for any conduct occurring once it became an affiliate of Microsoft Corporation.  In fact, Microsoft Mobile's contention that "LBS's allegation that Microsoft Mobile's infringing activities ended when it ceased to be a part of the Nokia Group in April 2014" shows that LBSI has specifically accused Microsoft Mobile/Nokia Inc. of infringement and has not engaged in any impermissible group pleading.  Microsoft Mobile/Nokia Inc. clearly understands that it is accused of engaging in specific infringing activities for a specific period of time and understands what those alleged

---

[3]   LBSI is not relying on a joint enterprise or alter ego theory to support its claim of patent infringement against Microsoft Mobile.  Instead, LBSI's claim against Microsoft Mobile is based upon Nokia Inc.'s separate and distinct activities involving its own use of the accused mapping services in connection with its own marketing of its own mobile devices.  Although LBSI has alleged that Nokia, Inc., is derivatively liable for the infringing conduct of the HERE Defendants pursuant to a joint enterprise theory, the Court has ruled that LBSI has not alleged facts sufficient to establish liability under that that theory.  Dkt. 103.  LBSI accepts the Court's ruling on this issue even though it respectfully disagrees with the ruling.  Even though the Court has found that LBSI's allegations were insufficient to establish the existence of joint enterprise liability among the "Nokia Defendants" (*i.e.*, Nokia Corporation, Nokia USA, Nokia Inc. and the predecessors of the HERE Defendants), this does not mean that LBSI's allegations of infringement by Nokia Inc. on its own are insufficient.

infringing activities are – the use of infringing mapping services incorporated in or made available for download and use with its mobile devices.

Furthermore, the SAC alleges specific infringing conduct by Nokia Inc., and does not engage in impermissible "group pleading."  Although the SAC refers to infringing conduct by the "Nokia Group," the SAC explains early on that, with respect to LBSI's patent infringement claims directed at the use of the mapping and location services used in connection with Nokia smartphones and feature phones, it was Nokia, Inc. that engaged in such infringing conduct. SAC ¶ 10 (the "business strategy involving the use of [] mapping and location services offered under the Ovi Maps and Nokia Maps brand names in various smartphones and feature phones [] sold throughout the world . . . was implemented through a business segment called 'Devices and Services,'" and "the Nokia, Inc. legal entity [is] the entity legally responsible for this business.")[4]

**C.    LBSI Should be Granted Leave to Amend Its Pleadings to Allege Nokia, Inc.'s Separate Infringing Conduct in the Event the Court Concludes More Specific Allegations Naming Nokia, Inc., Individually, is Necessary**

Although LBSI contends that its allegations in the SAC sufficiently explain that Nokia, Inc. is accused of infringement of the `956 Patent by its separate use of the infringing mapping and location based services in connection with its separate marketing and sale of mobile devices, to the extent the Court believes that Rule 8 requires that LBSI name Nokia, Inc. specifically with respect to its allegations regarding the Nokia Group, LBSI should be allowed to amend its pleadings to name Nokia, Inc. specifically to make this clear.

---

[4]  Regarding LBSI's allegations of specific intent relating its claims of indirect infringement by each of the Defendants, there is nothing improper about LBSI's use of the term "Defendants" with respect to such allegations.  No purpose would be served by requiring LBSI to state separately for each Defendant the same allegations that are applicable to all Defendants. Furthermore, because the SAC makes it clear that the allegations directed at the infringing use of the accused mapping and location based services in connection with the marketing and sale of mobile devices are directed specifically at Nokia, Inc. there can be little doubt that the specific intent allegations are specifically directed at Nokia, Inc. with respect to those infringing activities relating to the marketing and sale of mobile devices.

When a plaintiff's complaint fails to state a claim, the court should generally allow the plaintiff to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless it is clear that doing so would be futile.  *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").

Microsoft Mobile does not contend that, as a matter of law, LBSI cannot allege facts showing Nokia, Inc.'s separate liability for its separate and distinct use of the infringing mapping and location based services software in connection with the marketing and sale of Nokia mobile devices.  Microsoft Mobile may seek to oppose LBSI's claim against Nokia, Inc. based upon a license defense or a defense of non-infringement or invalidity, but LBSI should be allowed to assert its claim of infringement against Nokia, Inc., and that claim should be resolved based upon the merits and not some asserted pleading deficiencies.

## V.      CONCLUSION

LBSI's Second Amended Complaint clearly alleges that Nokia, Inc. is separately liable for infringement of the `956 Patent by using the infringing mapping and location based services software in connection with its marketing and sale of Nokia mobile devices.  This fact is not undermined by LBSI's allegations referring to the Nokia Group made with respect to its joint enterprise liability, especially given that all well-pleaded facts are true, and view those facts in the light most favorable to the plaintiff.  Thus, the Court should deny Microsoft Mobile's motion to dismiss.  In the alternative, the Court should grant LBSI leave to correct any pleading deficiencies it might conclude exist so that LBSI's claim against Nokia, Inc. can be decided on the merits.

**PLAINTIFF'S RESPONSE TO MICROSOFT MOBILE'S**
**MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**          **Page 10**

Dated:  July 14, 2016                    Respectfully submitted,

                                         **BUETHER JOE & CARPENTER, LLC**

                                         By:    */s/ Eric W. Buether*
                                                Eric W. Buether
                                                State Bar No. 03316880
                                                Eric.Buether@BJCIPLaw.com
                                                Christopher M. Joe
                                                State Bar No. 00787770
                                                Chris.Joe@BJCIPLaw.com
                                                Niky Bukovcan
                                                State Bar No. 24078287
                                                Niky.Bukovcan@BJCIPLaw.com
                                                Kenneth P. Kula
                                                State Bar No. 24004749
                                                Ken.Kula@BJCIPLaw.com

                                                1700 Pacific Avenue
                                                Suite 4750
                                                Dallas, Texas 75201
                                                Telephone:     (214) 466-1271
                                                Facsimile:     (214) 635-1827

                                                **ATTORNEYS FOR PLAINTIFF**
                                                **LBS INNOVATIONS, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 14th day of July, 2016.  Any other counsel of record will be served by facsimile transmission and first class mail.

*/s/ Eric W. Buether* _____
Eric W. Buether